IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAKISHA M. SMITH, and ANTENISE L. GILMORE,<br><br>      Plaintiffs,<br><br>vs.<br><br>LINCOLN PUBLIC SCHOOLS, Lincoln Northwest High School;<br><br>      Defendant. | 4:25CV3027<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Lakisha M. Smith ("Plaintiff") filed a Complaint on February 10, 2025. Filing No. 1. Plaintiff was also given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e) and, for the reasons set forth below, finds that it is.

### I. SUMMARY OF COMPLAINT

Plaintiff brings her Complaint pursuant to 42 U.S.C. § 1983, alleging a claim of "discrimination based on disability and race," occurring on October 23, 2024, and naming Lincoln Public Schools as the sole defendant. Filing No. 1 at 2–4. The totality of the description of her claim is "IEP record of discontinuation of special education services for reason of graduation with a regular diploma or reaching age 21." Id. at 4. She asserts that district representative Tracy Nelson "forged my signature." Id.

Plaintiff seeks the Court to "render the amount" presumably of money damages as relief. Id. at 5. Plaintiff lists no injuries as a result of the claim alleged.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## III. DISCUSSION

As an initial matter, Plaintiff lists Antenise L. Gilmore ("Gilmore") as a co-plaintiff in the caption of her Complaint, but it is unclear whether Plaintiff intends to sue on Gilmore's behalf, or if Gilmore is an independent party to this suit. To the extent Plaintiff intends to sue on Gilmore's behalf, she cannot do so, as while a plaintiff may be entitled to bring suit in a representative capacity, for example, to redress the alleged violations of his or her daughter's constitutional rights, *see* Fed. R. Civ. P. 17(c)(1)(A) (authorizing a general guardian to sue on behalf of a minor), a plaintiff cannot do so by appearing pro se. This is so as "it is well established that a pro se party may not represent others, even when it is a parent purporting to represent his minor children." *Behrens v. GMAC Mortg., LLC*, No. 8:13-CV-72, 2013 WL 6118415, at *4 (D. Neb. Nov. 21, 2013) (citing cases), *aff'd* 566 F. App'x 546 (8th Cir. 2014).

"While there are some situations in which parents may bring pro se claims on behalf of their children—such as an application for Social Security benefits—no comparable exception has ever been recognized for a lawsuit based on § 1983 or general state tort law." *Stephenson v. Bruno*, No. 4:14CV3097, 2014 WL 5850837, at *4 (D. Neb. Nov. 12, 2014) (quoting *Nunley v. Erdmann*, No. C14-4016-MWB, 2014 WL 5020253, at

2

*4 (N.D. Iowa Oct. 8, 2014) (internal quotation marks and citation omitted)). Moreover, as a general rule, a plaintiff must assert her legal rights or interests and not "the legal rights or interests of third parties." *Jones v. Nebraska*, No. 4:11CV3107, 2011 WL 4711919, at *2 (D. Neb. Oct. 6, 2011) (citing *Warth v. Seldin,* 422 U.S. 490, 498–99 (1975)).

For these reasons, Gilmore shall be dismissed from this action without prejudice.[1] However, even with the dismissal of Gilmore, the Complaint as currently pleaded is subject to preservice dismissal.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

For a municipality such as a school district to be liable under § 1983, a municipality policy or custom must have caused the constitutional injury. *Owen v. City of Independence*, 445 U.S. 622, 657, (1980). However, a single decision can reflect an official policy so long as the decisionmaker has the discretionary, policymaking authority necessary to hold the municipality liable for its decision. *Buzek v. County of Saunders*, 972 F.2d 992, 996 (8th Cir.1992).

While Plaintiff describes a district policy terminating IEP discontinuation, Filing No. 1 at 4, it is wholly unclear how the described policy effected Plaintiff or how the application

---

[1] If Gilmore intends to proceed as a co-plaintiff in this matter, Gilmore must sign any amended complaint filed in accordance with this Memorandum and Order and Gilmore also must either submit a $405.00 filing and administrative fee to the Clerk's Office or file a request to proceed in forma pauperis.

of the policy is unconstitutional. This Court is simply unable to connect the facts to any ascertainable claims because Plaintiff fails to provide enough factual detail for this Court to determine who did what to whom.

To the extent Plaintiff alleges that district representative Tracy Nelson "forged her signature" on an undescribed document, *id.*, this Court is unable to ascertain how Tracy Nelson's alleged action correlates to Plaintiff's claims of discrimination.

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

The Court is unable to discern who did what to whom and how that party's actions resulted in the alleged constitutional violations because the Complaint lacks factual detail. The Court is further unable to determine how any of the alleged actions constitute racial

or disability discrimination as the Complaint does not describe the race or disabilities of any of the parties.

While Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e), on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes her claims against Defendant Lincoln Public Schools and/or other specifically named defendants. *Plaintiff should be mindful to clearly explain why the Defendant meets the "color of law" standard required as well as what Defendant did to her, when Defendant (or defendants to the extent Plaintiff names additional defendants in her amended complaint) did it, how Defendant's actions harmed her, and what specific legal rights Plaintiff believes Defendant violated.* If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, her claims will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after she addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Antenise L. Gilmore is dismissed without prejudice as a plaintiff in this action.

2. Plaintiff shall have until **May 28, 2025**, to file an amended complaint that clearly states a claim upon which relief may be granted in accordance with this Memorandum and Order. <u>If Plaintiff fails to file an amended complaint, her Complaint including all claims against the sole defendant will be dismissed without further notice.</u>

3. The Clerk's Office is directed to send to Plaintiff a copy of the civil complaint form.

4. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **May 28, 2025:** Check for amended complaint.

5. Plaintiff shall keep the Court informed of her current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 28th day of April, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge