IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LAKISHA M. SMITH, and ANTENISE L. GILMORE,<br><br>Plaintiffs,<br><br>vs.<br><br>LINCOLN PUBLIC SCHOOLS, Lincoln Northwest High School;<br><br>Defendant. | **4:25CV3027**<br><br>**MEMORANDUM AND ORDER** |

The matter is before the Court on the Amended Complaint (the "Amended Complaint") filed on May 23, 2025, pursuant to 42 U.S.C. § 1983 by Plaintiffs Lakisha M. Smith ("Smith") and Antenise L. Gilmore ("Gilmore"), non-prisoners proceeding in forma pauperis.[1]  Filing No. 7.  The Court construes the Amended Complaint as a supplement to their initial complaint (the "Initial Complaint") filed February 10, 2025, Filing No. 1, which this Court found was subject to dismissal without amendment under 28 U.S.C. § 1915(e) (the "Initial Review").  Filing No. 6.

This Court now proceeds to review the Amended Complaint under 28 U.S.C. § 1915(e) and, for the reasons that follow, determines that due to multiple deficiencies, the Amended Complaint is subject to summary dismissal.  However, in lieu of dismissal the Court grants Plaintiffs leave to file a second amended complaint in accordance with this Memorandum and Order.

As an initial matter, the Amended Complaint fails to comply with Rules 8, 10 or 11 of the Federal Rules of Civil Procedure.  Rule 8 "contemplate[s] the statement of

---

[1] *See* Filing No. 5 and Filing No. 9 (granting leave to proceed in forma pauperis).

circumstances, occurrences, and events in support of the claim presented." *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 n. 3 (2007) (citation and internal quotation omitted). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) provides that each allegation in a pleading "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Federal Rule of Civil Procedure 10(b) provides:

> Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).

The Amended Complaint violates both Rule 8 and Rule 10(b). It does not represent a short and plain statement of the claim showing that Plaintiffs are entitled to relief, and its allegations are neither simple, concise, nor direct. It also fails to contain a proper case caption and does not clearly identify any of the parties involved as it fails to designate the names or the plaintiffs or defendant(s). *See* Filing No. 7; *see also* NECivR 10.1(a)(3) ("A document must plainly show the case caption, a description or designation of its contents, and the party or person/entity on whose behalf it is filed.").

Moreover, although both Smith and Gilmore are named as Plaintiffs, Smith did not sign the Amended Complaint. *See* Filing No. 7 at 2. Federal Rule of Civil Procedure 11(a) provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."

The Court shall therefore order Plaintiffs to file a second amended complaint that complies with Federal Rule of Civil Procedure 8, 10, and 11 and the Court's Local Rules. While no further review of the Amended Complaint is necessary, the Court notes that while Smith is the parent/guardian of Gilmore,[2] *see* Filing No. 7 at 4, to the extent the § 1983 claims in the Amended Complaint relate only to Gilmore's rights, Smith cannot bring suit on behalf of Gilmore, as opposed to alleging claims of her own, because Smith is proceeding pro se.  This is so because although a plaintiff may be entitled to bring suit in a representative capacity, for example, to redress the alleged violations of his or her daughter's constitutional rights, *see* Fed. R. Civ. P. 17(c)(1)(A) (authorizing a general guardian to sue on behalf of a minor), a plaintiff cannot do so when appearing pro se.[3] *Behrens v. GMAC Mortg., LLC*, No. 8:13-CV-72, 2013 WL 6118415, at *4 (D. Neb. Nov. 21, 2013) (citing cases), *aff'd* 566 F. App'x 546 (8th Cir. 2014).  Therefore, any further § 1983 claims brought by Smith on behalf of Gilmore shall be dismissed from this action without prejudice and without further notice.

Liberally construed, however, it appears that Smith may sue under the Individuals with Disabilities Education Act ("IDEA").  Filing No. 7 at 2.  While it is true that parents proceeding pro se, such as Smith, are entitled to prosecute IDEA claims on their own

---

[2] In its review of the initial complaint filed and signed only by Smith, the Court dismissed Gilmore from the action without prejudice because it was unclear if Gilmore was an independent party to this suit or if Smith sought to sue on Gilmore's behalf, which Smith could not do pro se.  *See* Filing No. 6 at 2–3.

[3] "While there are some situations in which parents may bring pro se claims on behalf of their children—such as an application for Social Security benefits—no comparable exception has ever been recognized for a lawsuit based on § 1983 or general state tort law." *Stephenson v. Bruno*, No. 4:14CV3097, 2014 WL 5850837, at *4 (D. Neb. Nov. 12, 2014) (quoting *Nunley v. Erdmann*, No. C14-4016-MWB, 2014 WL 5020253, at *4 (N.D. Iowa Oct. 8, 2014) (internal quotation marks and citation omitted)).  Moreover, as a general rule, a plaintiff must assert her legal rights or interests and not "the legal rights or interests of third parties." *Jones v. Nebraska*, No. 4:11CV3107, 2011 WL 4711919, at *2 (D. Neb. Oct. 6, 2011) (citing *Warth v. Seldin*, 422 U.S. 490, 498–99 (1975)).

behalf, *see Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 535 (2007), the majority of federal courts have held that pro se parents cannot appear on behalf of their child. *See Rights of Parents to Proceed Pro Se in Actions Under Individuals with Disabilities Education Act*, 16 A.L.R. Fed. 2d 467, § 2 (2007). However, as the Eighth Circuit has not affirmatively addressed this issue, for purposes of this initial review only, the Court will consider any IDEA claims raised in a second amended complaint both by Gilmore and by Smith on behalf of Gilmore.

IT IS THEREFORE ORDERED that:

1.    Plaintiffs shall have until **December 8, 2025**, from the date of this Memorandum and Order to file a second amended complaint that clearly states a claim or claims upon which relief may be granted against any named Defendants in accordance with this Memorandum and Order. If Plaintiffs fail to file a second amended complaint by the December 8, 2025, deadline, this matter will be dismissed without further notice. Plaintiffs are WARNED that motions or pleadings must be signed by each unrepresented Plaintiff. Failure to comply with this requirement shall result in the pleading be stricken pursuant to Rule 11(a).

2.    The Clerk of Court is directed to set a pro se case management deadline in this matter with the following text: **December 8, 2025**: deadline for second amended complaint.

3.    The Clerk of the Court is directed to send Plaintiffs a non-prisoner civil complaint form.

4.    The Court reserves the right to conduct further review of Plaintiffs' claims pursuant to 28 U.S.C. § 1915(e)(2) in the event they file a second amended complaint.

Dated this 7th day of November, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge